You're on 24-8070, United States v. Griffin. Mr. Rachebeau, pronounce your name for me, I'm sorry. Rachebeau. Rachebeau, okay. May it please the court, Jake Rachebeau for the appellant, Mr. Griffin. Section 2252A imposes a 10-year mandatory minimum if the defendant has a prior conviction for a state offense relating to possession of child pornography. Under Bennett, the offense need not be a perfect match for the federal definition. However, this court still looks to the least culpable conduct under the statute to determine whether it's an offense categorically relating to the federal definition of child pornography. Under federal law, images must depict sexually explicit conduct, which at a minimum requires lascivious exhibition of the anus, genitals, or pubic area. The California statute, on the other images that appear to be wholly innocent. That's because the statute applies to any physical touching, including dancing or hugging, so long as the defendant had a lewd state of mind. Accordingly, it is not an offense categorically relating to child pornography, and this court should reverse the application of the mandatory minimum sentence. What do we do with United States v. Bennett? Well, this court is bound by United States v. Bennett, and it is, which said that this court does apply the categorical approach, but I'm not arguing that even the slightest bit of overbreadth in the California statute as compared to the federal definition is enough to make this not related to child pornography. I'm saying the California statute. Bennett also said that the enhancement doesn't limit pornography by linking it to the federal definition, right? My understanding of Bennett is that- That's a quote. I just read it from Bennett. I understand, but I still believe you compare to, even though there has to be, there can be some overbreadth with the federal definition of child pornography, the statute, when it says child pornography, the federal definition necessarily applies there because the federal definition of child pornography appears in the same chapter. So while there doesn't have to be, it doesn't have to directly mirror or follow, the state statute doesn't have to a categorical match for the federal definition. It still has to categorically relate to the federal definition of child pornography. So relating to expands what is, what the state statute can prohibit beyond the federal definition of child pornography, but the federal definition is still sort of providing that sort of original comparison, the comparison that you do. And here, the California statute, even if we're not comparing it to the federal definition of child pornography, even if there is no federal definition of child pornography, the California statute goes so far beyond what anyone would consider to be it applies to depictions of any act under another California statute 288. And the California Supreme Court has held that section 288 is incredibly broad and amorphous. It applies to any form of physical contact with any part of the body. So long as the person doing touching had the subjective lewd intent. Can you compare for me the Colorado statute in Bennett with the California statute here? Does the Colorado statute require nudity or images of the genitals or breasts? Does it work? Does it require more explicit images than the California statute? If so, just tell me what the differences are. Much more so. So the Colorado statute at issue in Bennett was only overbroad as compared to the federal definition because it included the lascivious display of breasts as opposed to just the anus or genitalia. And it also applied to where a child was observing explicit sexual conduct. So this court still said that even that overbreadth is not enough. It still is an offense relating to child pornography because the nature of the offense is still material depicting a child participating in explicit sexual conduct. So that really is the core feature of child pornography under any definition. It has to involve a child and the images have to be pornographic. Under the California statute, Mr. Griffin was convicted under, there is no requirement of any pornographic, any sexually sexuality. So, for example, under federal law, we look to the dose factors to determine whether something is objectively pornographic, whether it actually is child pornography. And here, the California statute applies where none of those factors do. So where there's no depiction of genitalia, let alone that it's the specific focus, where the setting is not sexually suggestive, where the minor is not depicted in any unnatural pose or inappropriate attire, they're fully clothed, there's not even a suggestion of coyness or willingness to engage in sexual activity, and the visual depiction isn't designed to elicit a sexual response. So even wholly innocent appearing photographs can be the basis of a conviction under the California statute, and therefore it doesn't categorically relate to child pornography. Does the California statute have a title? It says such and such, and then what's, is there some language after the section number? I'm sure it does. It doesn't say child pornography. Off the top of my head, I'm not sure what it is. It looks like it says certain activities relating to material constituting or containing child pornography. I apologize. That's from 2252A. But even then, I mean, as I argued... But you said what it covers. No one would consider child pornography. I probably wouldn't. But California is a big section of this country, and that's what their legislature called it. Well, I mean, as this court has held numerous times, the title of the statute can be relevant, but it's certainly not dispositive, and it's never dispositive. Yes, but your statement was no one would consider this child pornography. I think no layperson would. Judges, legislators, you have impugned the California legislature, but that's fair game. Well, so for example, though, I mean, as I pointed out in the reply brief, I mean, Texas considers theft of a vending machine to be burglary. And notwithstanding that, I would still just say as a general matter, I don't think anybody, and I guess maybe I'm only speaking of lay people here, would consider robbing or would consider taking a candy bar that's dangling to be burglary. It just wouldn't occur to anybody. And so the California statute, I mean, the sort of defining feature of pornography, to borrow from Justice Stewart, you know when you see it. And there is, that's what... Pornography might be hard to define, but it's not hard when you're actually looking at it. And the California statute applies to images that a person looking at it could have no idea that it is quote unquote pornography. Well, I guess you somehow have to know what's in the head of the adult, right? In the picture. Exactly. Which, you know, that in order to be convicted, you do have to know. But the point is that it is not pornography. There's nothing pornographic about the image. It's unlawful because it depicts a crime, but it is not under any reasonable understanding of what pornography is pornographic. Judge Hartz is enjoying too much any criticism of the California legislature. And it really is just the product of the fact that how the statute was written, that it includes the quote unquote child pornography statute includes depictions of lewd and lascivious acts. It's just that then the California Supreme Court went on to define that separate offense in this incredibly broad way that applies to any touching, uh, so long as the subjective intent of the person had a lewd intent. So originally courts had interpreted it, or several had, as requiring them to be objectively lewd. And if the requirement, if the statute did require the touching to be objectively lewd, then presumably that would sort of, uh, then a picture of that objectively lewd act could be considered child pornography, but where the lewdness exists only in one person's head, the image of that is not, um, is not pornographic. You still have some time. If there are no further questions, I would, uh, reserve the remaining of time I have for bravado. No further questions from the panel? I guess not. Okay. Thank you. Mr. Griswold, your turn. Good morning. I think it's still morning. Yes. And may it please the court, Seth Griswold representing the United States on this matter. And I'm here to tell the court why the district court was correct in this matter when it ruled that the California child pornography statute undeniably relates to the federal definition and this court should have little difficulty deciding that it is a predicate felony under 2252 AB2 and the defendant properly faced the 10-year minimum, mandatory minimum. The defendant has argued that the district court erred and that 31111 is overbroad when you get to the least egregious conduct, the lewd and lascivious definition, but their argument as just stated here today hinges on a mischaracterization of what the California child pornography statute requires. As stated here, they repeatedly argue that there's only two requirements for an image to satisfy the child pornography statute. That being that it, one, depicts any physical contact with the child and two, depicts subjective lewd intent. They argue that it can include decidedly not pornographic images and that it can include wholly innocent images, but that is not the case. That is what is required for a violation of section 288, a lewd or lascivious act. That definition is then incorporated into the child pornography statute under 31111, but to be convicted under 31111, it still requires that the defendant knew what he possessed depicted a minor engaged in sexual conduct and that's the important distinction here. As stated in Chavez-Solas cited in my brief from the Ninth Circuit when they were doing the categorical approach for this and albeit that was for a little different statute comparison, but they quote state both the federal and state statutes require knowing possession including knowledge that the pornography depicts a minor engaged in sexual conduct and under 31111, it quote says knowing that the minor depicts a person under 18 years of age personally engaging in or simulating sexual conduct. Reading that and if we have a third party that possesses the image, the image itself must depict overtly sexual conduct. A third party possessing it must be able to know that it depicts that and the state would have to beyond a reasonable doubt that the person knew that they possessed an image of a minor engaged in sexual conduct and this is what then relates it to the DOS factors in the federal definition. The 311.4, of course it says it criminalizes any lewd or lascivious sexual act as defined in section 288, so that doesn't it bring in anything that could be considered a crime under section 288? It does your honor, but then it then that is the definition of the sexual conduct, but then the person the image still must the person possessing it to be found guilty there's a further element that they must know that the pornography depicts a minor engaged in sexual conduct. That's not in the statute is it? Yes it is your honor if you look at 311.11 subsection a I quote knowing that the matter depicts a person under 18 years of age personally engaging in or simulating sexual conduct and that is the key here that makes it so that we're not just talking about California and they're they're just letting anything be child pornography because they want to criminalize everything no it still is child pornography and that's what I wanted to get to the analogies that are discussed by the defendant where he talks about just rubbing somebody's back could be a lewd and lascivious act so long as they had where is the where did you read the intent was that in 311.4a? No your honor it's in 311.11 subsection a. Okay. What about so when you talk people versus Martinez from the California Supreme Court where it talks about it could have the outward appearance of innocence? Yes your honor and so that case though is only discussing a violation of California statute 288 which is a lewd or lascivious conduct and that's where this is getting a little nuanced because we are talking about using that definition within the discussion of a child pornography possession of an image of that act but for a defendant to be convicted of possession of child pornography under the California statute they must then know that it depicts sexual conduct and so that I think the perfect analogy is talking about these uh somebody rubbing a back and they could be convicted of 288 if they had the subjective lewd intent but they could not be convicted a third party possession an image of somebody rubbing somebody's minors back could not be convicted of subsection 311.11 because they couldn't know that that depicts a minor engaged in sexual conduct. The only way I could think of that is when we're more talking about when we look at subjective intent for purposes of a 2251 violation production of child pornography where maybe if that person was somehow involved in the making of the image and they could know what the intent of the person was doing and then they had the intent that's the only way this could even possibly be prosecuted under the California state statute and I think it's important to take a step back you know everybody agrees I think that we're talking about the categorical approach not the modified categorical approach so we can't consider it was actual child pornography he possessed we have to look at the categorical approach with this broadening relating to language but when we do the categorical approach the court still looks at the most minimal least egregious conduct that has a realistic probability of being but it still requires a realistic probability that it'd be prosecuted and even further I think if we want to go down the endless hypothetical rabbit holes the state still has to prove they knew it was sexual conduct and thus it is very analogous to the federal definition and that's why I think when you read Reinhart in the ninth circuit they say it is overbroad because it allows for the exhibition of any part of the body not just anus genitalia or pubic area and again they differentiate themselves from the 10th circuit because they take a different approach and do not read the relating to to broaden the categorical approach because the definitions in the same chapter however they did that so I think that's what's important here and when you look to Bennett which this court is bound by relating to does have a broadening effect as Judge Hugh pointed out the enhancement statute does not limit child pornography by linking it to the federal definition and Congress chose this expansive term to ensure that individuals with a prior conviction bearing some relation to sexual abuse or abusive conduct involving a minor or child pornography receive the enhanced minimum and mandatory sentences and relating to is a broadening language it then incorporates anything that stands in relation to pertains to has a connection to and then Judge Tinkovich when you brought up the Colorado statute the similarities the United States they're very similar the differences between the California versus federal and the Colorado versus federal the Colorado allowed any images that contain breasts but not genitals and also just a child observing but not engaging sexually explicit conduct in Congress Bennett found Congress characteristically employs this to reach all these more broader things what's also important is Bennett isn't even the line they never say that this is the lowest level or the most removed we can get it's just an example of something that relates to the federal definition and even if this court does find that the California statute is a little more broad than the Colorado's it still undeniably relates to the federal definition when you talk about lascivious which isn't even defined and then the DOS factors in my prosecution experience one of the DOS factors I rely upon the most is six whether the visual depiction is intended or designed to elicit a sexual response in the viewer and that's how we can get to some of the cases such as what's cited in my brief United States v Helton where you could have a minor in a bathing suit on a beach that can actually be child pornography depending on how it's framed and the big difference there is the asset does require the genitalia to be in the image for the federal definition but the California statute isn't that much different it still requires that they know it relates to sexual conduct and while yes the lewd or lascivious act for 288 is quite broad and you have to go into subjective intent and you have to look at the totality of the circumstances the actual child pornography statute still requires that knowledge and we it has to be proven and that's what brings it within the same realm of the federal statute one of the other analogies that the defense brings up in their reply brief is talking about Pugin v Garland which was uh analogy analyzing the broad language of relating to in context of an and they argue it supports his position but it actually supports our position more because as said in Pugin an offense relates to obstruction of justice only if it categorically involves an objective or intent to obstruct justice and that's exactly what we have here 3111 requires that intent that knowledge that it's a minor engaged in sexual conduct so all these wholly innocent decidedly not pornographic images that the defendant complains of could never be prosecuted in California and certainly there's no realistic probability that it would be prosecuted and for those reasons in the end the analysis is simple it's whether it relates to connects to pertains to the federal definition and 3111 while is broader is only slightly so because it does allow any touching of any part of the body but besides that because of the knowledge requirement it is I don't the United States does not believe any broader as nearly as broad as the defendant is putting forth and for those reasons the United States asks that the court affirm the ruling of the district court and the sentence in this matter let me focus you for a minute on section 311.4 which defines sexual conduct under the California statute and as a separate category of sexual conduct it has lewd or lascivious sexual acts as defined in section 288. The 288 I mean that the the difficulty here with the statute is the definition in 288 it is very broad you agree with that yes your honor so by defining it as sexual conduct standing alone does that support the defendant's argument here it does not your honor because the individual who possesses the image and is charged under 31111a would still have to know that it's sexual conduct and that could be done in numerous amounts of ways you can prove intent through circumstantial evidence the totality of the circumstances and either it would have to on its face be sexually explicit so that they could know that it's sexual conduct or to get down to these analogies of just rubbing on the back and touching of anybody innocently quote-unquote but with that subjective lewd intent the only way they could then be prosecuted under that is if they knew the subjective intent of the person so say you had two people that are grooming a child and one knows that the other one is touching the child with that subjective lewd intent then perhaps i could see a case where then a person could be prosecuted and convicted for possessing what some people might think on its face is a seemingly innocent photo but then that's that in that instance that you've just identified be categorically broader than the federal definition only because you could have an innocent depiction somebody you know rubbing a kid's back and two maybe they're co-conspirators i don't know they happen to know it's a grooming exercise and there are lewd and lascivious thoughts going on in the head of the adult in the picture i mean that that's broader isn't it only because it allows touching of any other body part not just the genitalia that's the only reason it's more broad i have prosecuted cases where somebody recorded a video of a minor rolling on the floor and we were able to prosecute under 22 51 because of his subjective intent he ended up admitting it was because for his sexual gratification so anybody you or i viewing the image would think it was wholly or innocent but when you looked at the dos factors and that's again why i point to the court to that six factor something uh you do have to have that focus on the genitalia has to be included in the federal definition but then you look to whether the visual depiction is intended or designed to elicit a sexual response in the viewer and that's the subjective intent that's the subjective lewd intent of the person who's producing or possessing the child the federal child pornography images and that's why they are so related in this case well i'm sorry go ahead i'm deferring to you i was you know just following up on that i um you know if rubbing the shoulders could be um fit within the federal definition um somebody pinching the show an adult pinching the shoulder of a child could that be prosecuted under the california law 288 if a person pinching the child had a lewd and lascivious motive i think reading it on its face and analyzing the martinez statute that yeah if the state was able to prove beyond a reasonable doubt the subjective lewd of the individual they could be prosecuted under 288 but an image of that could not be prosecuted under 3 11 11 unless if there is evidence that the person who possessed that image knew it depicted a minor engaged in sexual conduct okay got it and i i apologize for going much over my time uh if there's no further questions you know any questions that's fine um but i think uh closing council is entitled to a little four minutes 20 seconds of rebuttal so we're ready for you now thank you your honor um quick clarification uh section 311.11 um which is california statute uh i don't see child porn anywhere in the title or the text it says possession and control of matter depicting persons under 18 years of age engaging in or simulating sexual conduct digitally altered or ai generated matter punishment previous conviction exemption so i don't i'm not sure where the child porn language comes from but i don't think it's the name of the statute um as to this idea you know i i've never claimed that somebody could innocently possess one of these and then be prosecuted under the california statute that's not what i'm saying at all what i'm saying is the actual content of the image would appear to any objective observer not to be pornographic or sexual in any way whatsoever it would just appear to be depicting innocent conduct now if there was a picture of like let's say somebody took a picture of themselves with a teenager uh with lewd intent and they you know take a selfie and they have their arm around them if their subjective intent was lewd uh then they have now committed uh they and if they possess that picture then they're then they violated 311.11 what opposing counsel is talking about is a difficulty of proving the violation but that's not that's not what we're talking about here um and you know he brings up the realistic possibility of prosecution but again that's not saying would it be difficult to prove what that's saying is uh in some cases not here you need to provide where where where we've come up with these sort of like you know crazy uh hypotheticals of how somebody could be prosecuted under the statute um you only have to show examples of prosecution where we're the defendant is interpreting a generic term in a like non-generic way you don't have to provide specific examples of prosecution when the statute on its face and the uh the supreme court's interpretation of the statutes uh plainly apply to that conduct so here as opposing counsel just conceded based on the plain language of the statute and martinez you could be prosecuted for exactly that so as i understand since the statute is clear of what could be what's prohibited the fact that it's highly unlikely that anyone would be prosecuted for some of that conduct um is not relevant in this context because all you're doing is interpreting the clear meaning of the statutory language am i correct about that my understanding i think it's highly highly unlikely uh and that would be difficult to prove i don't think it's relevant um but again i actually don't think it's i think it's oversetting how difficult to prove it would be you can imagine a scenario where somebody is caught as you know perhaps with a hands-on offense and then you look at their phone and they got a bunch of pictures of them with uh with you know touching children and even though those pictures at the time appeared to be totally normal we now know oh those are sort of like trophies of prior violations of 288 um so i don't think it's particularly far-fetched um and you know counsel cites chavez solis chavez solis talks about exactly this issue which is the realistic probability prosecution and it cites a cal saying we don't you know defendant doesn't need to cite a specific case here because uh the plain language of the statute and martinez clearly show that you can be convicted for that um and in any event they do cite some california cases where um 288 uh allude touching under 288 was the basis of a child court conviction thank you counsel all right thank you okay you have six seconds but i would see this okay you'll save your six seconds you're you're most kind most time thank you counsel cases submitted counselor excused